IN THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| GREGORY SMITH,<br><br>　　　　　　　Plaintiff,<br><br>vs.<br><br>SCOTT ARGYLE, et al.,<br><br>　　　　　　　Defendants. | **MEMORANDUM DECISION AND ORDER GRANTING LEAVE TO FILE SECOND AMENDED COMPLAINT AND ENTRY OF A SECOND AMENDED SCHEDULING ORDER**<br><br>Case No.  2:10-CV-01268<br><br>Judge Clark Waddoups |

On July 11, 2012, the court issued an Order granting Plaintiff leave to file a Second Amended Complaint and entered a Second Amended Scheduling Order [Dkt. No. 69] after which the Second Amended Complaint was filed on July 12, 2012 [Dkt. No. 70]. The court then vacated its July 11, 2012 Order in a Docket Text Order dated July 26, 2012 [Dkt. No. 85] on the basis that the previous Order had been improvidently granted because it had been entered before an Opposition had been filed to the Plaintiff's Motion to Amend [Dkt. No. 67]. Defendants' Opposition to Plaintiff's Motion to Amend was filed on July 24, 2012. [Dkt. No. 83.] Plaintiff filed its Reply in support of its Motion to Amend on July 31, 2012, as requested by the court. [Dkt. No. 88.]

In its papers supporting its Motion to Amend, Plaintiff explains the protracted nature of the discovery process in this lawsuit and the reason for its relatively late Motion to Amend its Complaint by pointing out numerous instances of Defendants' lack of responsiveness to Plaintiff's discovery requests. In fact, Plaintiff observes that "[r]esponses to the initial discovery requests are on-going" despite those initial discovery requests having been served on Defendants

on July 31, 2011, and that "responses to the next discovery requests likewise continue" relating to Plaintiff's second discovery requests served on March 22, 2012. (Pl.'s Reply Mot. Amend at 3) [Dkt. No. 88]. For example, Plaintiff claims that even though the fact discovery cut-off was set for April 15, 2012 in the Amended Scheduling Order signed by Magistrate Judge Nuffer on January 10, 2012 [Dkt. No. 50], Defendants proposed on July 11, 2012 that Plaintiff subpoena banking records responsive to those requests and on July 31, 2012, Defendants "provided approximately twenty e-mails with documents responsive to [Plaintiff's] discovery requests." *Id.*

Defendants argue that Plaintiff has been delaying, pointing out the number of days that have passed since various scheduling orders, amended deadlines and cut-offs. For instance, Defendants note that "[t]he first deposition taken by the Plaintiff in this action was the deposition of Dale Murray taken on May 24, 2012, approximately 15 months after Mr. Murray was sued in this action and over six and one half months after Mr. Murray responded to Plaintiff's first set of interrogatories." (Def.'s Opp. Mot. Amend at 3) [Dkt. No. 83]. Plaintiff responds that it has waited to take depositions, "hoping that discovery responses would be complete", which they have not been. (Pl.'s Reply Mot. Amend at 3-4) [Dkt. No. 88]. Also, though Defendants assiduously count the days behind Plaintiff's various discovery actions, noting that "[a]ll fact discovery was to be completed by January 15, 2012" and stating that at the beginning of January 2012 "to accommodate Plaintiff's need to conduct additional fact discovery and given the lateness of some earlier responses" fact discovery was extended until April 15, 2012, (Def.'s Opp. Mot. Amend at 2) [Dkt. No. 83], they fail to mention that discovery was thus extended in the aftermath of a hearing on Plaintiff's Motion to Compel in which the Magistrate Judge granted Plaintiff sanctions for its costs in preparing the Motion to Compel, [Dkt. No. 48].

Most importantly, Plaintiff notes that its need to amend the complaint is a result of information learned from Defendants' responses to its discovery requests and to the extent that those responses continue to trickle in, Plaintiff is required to take appropriate action to make sure that the correct parties and claims are included in the lawsuit given the strictures of res judicata, issue preclusion and considerations of judicial resources and economy. (Pl.'s Reply Mot. Amend at 4-5) [Dkt. No. 88]. For instance, "the majority of the additional causes of action (numbers twelve through twenty-seven) are relating to the alter ego and fraudulent transfer actions, which must be specifically alleged against certain individuals and their related business entities." *Id.* at 4. Also, Plaintiff is simultaneously submitting a Motion to Amend the Scheduling Order in which the trial date is extended. *Id.*

The parties argue over the implications of *Hom v. Squire*, 81 F.3d 969, 973 (10th Cir. 1996) for the present discovery dispute. Both agree that it represents the liberal pleading standard meant to govern the Federal Rules of Civil Procedure. *Hom* held that leave to amend should be "freely given" where otherwise not precluded by the movant's delays, bad faith or "dilatory motive" or "undue prejudice to the opposing party." *Id.* (quoting *Froman v. Davis*, 371 U.S. 178, 182 (1962)). Defendants note that in *Hom* the district court had denied the motion for leave to amend as "untimely and prejudicial" because the plaintiff had moved to amend "a little more than two months before trial," and the 10th Circuit had upheld. (Def.'s Opp. Mot. Amend at 4) [Dkt. No. 83]. Defendants point out that the Plaintiff in this case is also moving to amend a little more than two months before trial by adding 24 causes of action rather than just one as in *Hom*. However, Defendants do not make a convincing showing that they will be prejudiced by Plaintiff's filing of the Amended Complaint, especially considering the lack of "undue delay, bad faith or dilatory motive on the part of the movant." *Hom*, 81 F.3d at 973. To the contrary, given

the facts of how discovery had proceeded as outlined in the parties' briefs, the court can discern no *undue* delay or bad faith, and especially no dilatory motive, on the part of the Plaintiff.

Accordingly, in keeping with long-standing policy that leave to amend should be freely given under the discovery rules contained in the Federal Rules of Civil Procedure, the court GRANTS Plaintiff's Motion for Leave to File a Second Amended Complaint [Dkt. No. 67] and enters the following Amended Scheduling Order, as proposed in Plaintiff's papers:

**1. Expert Witness Disclosure and Reports:** The disclosure of expert witnesses and witness reports information required by Rule 26 (a)(2) shall be due 90 days after the Second Amended Complaint is filed. Rebuttal expert reports shall be due 30 days after receipt of expert witness reports. Expert witness discovery shall be completed 120 days after the Second Amended Complaint is filed.

**2. Discovery Cutoffs:** All fact (but not expert witness discovery) discovery shall be completed 90 days after the Second Amended Complaint is filed.

**3. Dispositive Motion Cutoff:** The cutoff date for filing dispositive or potentially dispositive motions shall be 150 days after the Second Amended Complaint is filed.

**4. Trial:** This case shall be ready for trial 180 days after the Second Amended Complaint is filed, beginning April 29, 2013 at 8:30 a.m. The estimated length of the trial is three (3) days.

Plaintiff's renewed Motion for Leave to Amend [Dkt. 92] and Defendants' Opposition [Dkt. 93] are also hereby terminated as moot.

SO ORDERED this 29th day of October, 2012.

BY THE COURT:

_____
Clark Waddoups
United States District Judge