IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| GREGORY SMITH,<br><br>            Plaintiff,<br><br>v.<br><br>SCOTT SCHRYER, et al.,<br><br>            Defendants. | MEMORANDUM DECISION<br><br>Case No. 2:10-cv-01268-CW-DBP<br><br>District Judge Clark Waddoups<br><br>Magistrate Judge Dustin B. Pead |

## I.     INTRODUCTION

This matter was referred to the Court under 28 U.S.C. § 636(b)(1)(A).  (Docket No. 185.) Plaintiff is Gregory Smith.  Defendants relevant here are all Defendants except Paul Mangelson, Per Skoldin, and Kenilworth Point.  The Court considers Plaintiff's motion to extend the deadlines for dispositive motions, expert discovery, and the trial date.  (*Id.*)  For the reasons below, the Court **GRANTS** in part, and **DECLINES** to rule in part.

## II.    STANDARD OF REVIEW FOR MODIFYING SCHEDULING ORDER

The court may modify a scheduling order for good cause.  Fed. R. Civ. P. 16(b)(4). Demonstrating good cause "requires the moving party to show [] it has been diligent in attempting to meet the deadlines, which means it must provide an adequate explanation for any delay."  *Strope v. Collins*, No. 08-3188, 2009 WL 465073, at *3 (10th Cir. Feb. 25, 2009) (unpublished).

### III. PLAINTIFF'S MOTION TO AMEND SCHEDULING ORDER

On May 14, 2013, Plaintiff filed this motion to amend the scheduling order. (Dkt. No. 185.) Plaintiff seeks to extend the dispositive motion deadline from May 31, 2013 to July 31, 2013. (Dkt. No. 185-1.) He asks the Court to amend the July 31, 2013 expert discovery deadline, and the November 4, 2013 trial date "in the event [the Court] does not grant summary judgment." (*Id.*)

#### A. Dispositive Motion Extension

Plaintiff argues good cause justifies his request to extend the dispositive motion deadline. (Dkt. No. 185 at 3.) Hours before Plaintiff filed this motion, he received tax documents he had earlier subpoenaed from third parties. (*Id.*; Dkt. Nos. 185-3 to 185-5.) Plaintiff needs additional time to review these documents to prepare his summary judgment motion. (Dkt. No. 185 at 3.)

Defendants oppose Plaintiff's motion. (Dkt. No. 186.) They argue Plaintiff's third party subpoenas violated Fed. R. Civ. P. 45 because Plaintiff failed to serve the subpoenas on Defendants. (*Id.* at 3.) Therefore, Defendants urge the Court to prohibit Plaintiff from using the evidence produced through the subpoenas. (*Id.*) Indeed, on May 20, 2013, Defendants filed a corresponding motion to quash these subpoenas. (Dkt. No. 188.) In that motion, Defendants request that Plaintiff destroy or return any evidence received through the subpoenas. (*Id.*)

Plaintiff's ability to use the subpoenaed documents in his forthcoming summary judgment motion depends on how this Court decides Defendants' motion to quash the subpoenas. Unfortunately, the parties have not fully briefed Defendants' motion to quash. To resolve this issue, the Court **ORDERS** expedited briefing on Defendants' motion to quash, as outlined below. (Dkt. No. 188.) The Court anticipates ruling on the motion to quash no later than June 7, 2013.

Correspondingly, the Court **GRANTS** in part Plaintiff's motion to extend the dispositive motions deadline. (Dkt. No. 185.) The Court amends the parties' dispositive motions deadline to **June 21, 2013**. The Court believes this balances Plaintiff's need for additional time with Defendants' need to determine whether Plaintiff can use the subpoenaed documents.[1]

### B. Expert Discovery & Trial Extensions

The Court **DECLINES** to address Plaintiff's motion to extend the expert discovery and trial date deadlines. (Dkt. No. 185.) The Court believes these requests are premature. If and when the District Court decides the parties' forthcoming summary judgment motions, Plaintiff may renew these requests at that time.

### IV. ORDERS

For the reasons stated above, the Court issues the following **ORDERS**:

Under DUCivR 7-1(b)(3)(B), the Court **ORDERS** expedited briefing on Defendants' motion to quash subpoenas. (Dkt. No. 188.) Plaintiff must file his response, if any, by close of business on **May 28, 2013**. Defendants must file their reply, if any, by close of business on **June 4, 2013**.

The Court **GRANTS** in part Plaintiff's motion to extend the dispositive motions deadline. The Court extends the parties' dispositive motions deadline to **June 21, 2013**. (Dkt. No. 185.)

The Court **DECLINES** to address Plaintiff's motion to extend the expert discovery and trial date deadlines. (Dkt. No. 185.)

Dated this 21st of May, 2013.

By the Court:

Dustin B. Pead
United States Magistrate Judge

---

[1] The Court advises Plaintiff to prepare his summary judgment motion in a timely fashion to meet this new deadline.