IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| GREGORY SMITH,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>SCOTT SCHRYER, et al.,<br><br>　　　　　Defendants. | MEMORANDUM DECISION<br><br>Case No. 2:10-cv-01268-CW-DBP<br><br>District Judge Clark Waddoups<br><br>Magistrate Judge Dustin B. Pead |

## I.　　INTRODUCTION

This matter was referred to the Court under 28 U.S.C. § 636(b)(1)(A).  (Docket No. 188.) Plaintiff is Gregory Smith.  Defendants relevant here are all Defendants except Paul Mangelson, Per Skoldin, and Kenilworth Point.  The Court considers Defendants' motion to quash subpoenas.  (*Id.*)  For the reasons below, the Court **GRANTS** the motion.

## II.　　DEFENDANTS' MOTION TO QUASH SUBPOENAS

Discovery against nonparties is obtained by subpoena.  Fed. R. Civ. P. 45.  Pursuant thereto, between April 8, 2013 and April 9, 2013, Plaintiff served subpoenas duces tecum on three nonparties: (1) RSG Accounting & Consulting ("RSG"); (2) Kenneth R. Butler & Son, PC ("Butler"); and (3) Gerety Associates, CPA ("Gerety").  (Dkt. Nos. 188 at 2; 192 at 4.)  These subpoenas asked the nonparties to produce tax returns pertaining to each Defendant in the case. (Dkt. No. 188 at 2.)

On May 20, 2013, Defendants filed this motion to quash Plaintiff's subpoenas. (Dkt. No. 188.)[1] Defendants argue the Court should quash the subpoenas because Plaintiff failed to comply with the service requirements at Fed. R. Civ. P. 45(b)(1). (Dkt. No. 188 at 3-4.) Defendants also argue the Court should quash the subpoenas because Plaintiff collected documents under the subpoenas after the fact discovery deadline in the case. (*Id.* at 5.) Finally, Defendants argue the subpoenas sought irrelevant documents. (*Id.*)

**A.  Whether Plaintiff Violated Fed. R. Civ. P. 45(b)(1)**

A party "must" serve "notice" of a nonparty subpoena "on each party" "before" serving the subpoena on the nonparty. Fed. R. Civ. P. 45(b)(1). *See also Butler v. Biocore Med. Techs., Inc.*, 348 F.3d 1163, 1173 (10th Cir. 2003) (affirming that "Rule 45(b)(1) requires notice to be given *prior* to service of a subpoena.") (emphasis added). This Court's local rules reiterate this notice requirement. DUCivR 45-1.

Here, Plaintiff failed to serve Defendants prior notice of the subpoenas. Plaintiff's counsel admits she "inadvertently did not" serve notice of the Gerety subpoena on Defendants. (Dkt. No. 192 at 4.) Plaintiff served the subpoenas on RSG and Butler between April 8, 2013 and April 9, 2013. (Dkt. Nos. 188 at 2; 192 at 4.) Plaintiff's counsel subsequently emailed Defendants notice of these subpoenas on April 9, 2013, and April 11, 2013. (Dkt. Nos. 192-6; 192-7.) Because Plaintiff failed to serve Defendants *prior* notice of these three subpoenas, the Court finds Plaintiff violated Fed. R. Civ. P. 45(b)(1).

---

[1] Plaintiff does not directly argue that Defendants lack standing to bring this motion to quash nonparty subpoenas. Nevertheless, the Court concludes Defendants have standing because they have "a personal right or privilege with respect to the subject matter sought by the subpoena[s]" where the subpoenas seek Defendants' tax records. *Richards v. Convergys Corp.*, Nos. 2:05-CV-00790-DAK, 2:05-CV-00812 DAK, 2007 WL 474012, at *1 (D. Utah Feb. 7, 2007) (unpublished).

### B.  Whether Plaintiff's Fed. R. Civ. P. 45(b)(1) Violation Warrants Quashing

Some courts have quashed subpoenas that violated Fed. R. Civ. P. 45(b)(1).  *See Handy v. Diggins*, Civil Action No. 10-cv-02022-WYD-KMT, 2012 WL 2890961 (D. Colo. July 16, 2012) (unpublished); *Beach v. City of Olathe, Kan.*, Nos. CIV. A. 99-2210GTV, 99-2217GTV, 2001 WL 1098032 (D. Kan. Sept. 17, 2001) (unpublished).

However, courts in this district have refused to do so where the opposing party "had a sufficient opportunity, albeit after the subpoena had been served, to object to the subpoena." *Bare v. Brand Energy & Infrastructure Servs.*, No. 2:09-cv-807-DB-BCW, 2012 WL 5285374, at *3 (D. Utah Oct. 25, 2012) (unpublished) (dealing with party who received notice of the subpoenas three days after opposing party served them on nonparties, and party immediately objected to them); *Richards v. Convergys Corp.*, Nos. 2:05-CV-00790-DAK, 2:05-CV-00812 DAK, 2007 WL 474012, at *1 (D. Utah Feb. 7, 2007) (unpublished).

Here, the Court finds Plaintiff's Fed. R. Civ. P. 45(b)(1) violation is distinct from those in *Bare* and *Richards*.  Defendants in this case only learned about the nonparty subpoenas *after* the nonparties began producing the subpoenaed documents.  (Dkt. No. 188 at 2, 4.)  In other words, Defendants lacked a sufficient opportunity to object to the subpoenas, or to request a protective order, *prior* to the document production.  *See Butler*, 348 F.3d at 1173 ("For an objection [to a Rule 45] subpoena to be reasonably possible, notice must be given *well in advance of the production date*.") (emphasis added); *Blaser v. Mt. Carmel Reg'l Med. Ctr., Inc.*, No. 06-2422-JWL, 2007 WL 852641, at *2 (D. Kan. Mar. 21, 2007) (unpublished) ("[W]hen notice has been given after a subpoena is served *but before the response period has expired*, courts generally look to whether opposing counsel has had sufficient time to object.")  (emphasis added).

Plaintiff admits that Defendants never received formal notice of the Gerety subpoena.[2]  (Dkt. No. 192 at 4.)  Along the same lines, Defendants' counsel attests he "do[es] not recall receiving" Plaintiff's email notice of the RSG and Butler subpoenas.  (Dkt. No. 195-1.)  *See* Fed. R. Civ. P. 5(b)(2)(E) (indicating service via "electronic means . . . is complete upon transmission," but noting service "is *not effective if the serving party learns it did not reach the person to be served . . . .*") (emphasis added).

Conversely, Plaintiff's counsel claims she emailed Defendants notices of the RSG and Butler subpoenas to the email addresses Defendants provided to the Court.  (Dkt. Nos. 192 at 6; 192-6; 192-7.)  The Court appreciates the parties' dispute on this issue.  However, the Court has no reason to question Defendants' counsel's declaration, signed under penalty of perjury, that he never saw the emails.  (Dkt. No. 195-1.)

Under these circumstances, the Court finds Plaintiff's Fed. R. Civ. P. 45(b)(1) violation warrants quashing, and **GRANTS** Defendants' motion to quash the subpoenas.  (Dkt. No. 188.)  Plaintiff's violation deprived Defendants of a meaningful opportunity to challenge the subpoenas prior to the document production under the subpoenas.

Plaintiff argues that Defendants should have objected to the subpoenas *after* the nonparties produced the subpoenaed documents, but failed to do so.  (*See* Dkt. No. 192 at 4-6.)  The Court finds this argument unavailing.  To be sure, Plaintiff began sending Defendants copies of the subpoenaed documents on May 2, 2013, May 11, 2013, and May 14, 2013.  (Dkt. Nos. 192-9 to 192-11.)  Nevertheless, the Court believes the opportunity to object relates more to the time

---

[2] Plaintiff claims that Defendants were "fully aware" that Plaintiff intended to subpoena Gerety. (Dkt. No. 192 at 4.)  Plaintiff indicated as much at a March 25, 2013 deposition. (*Id.*)  However, this Court agrees with Defendants, that Plaintiff's "off-handed threat" to issue a future subpoena fails to constitute notice of an actual subpoena.  (Dkt. No. 195 at 3.)

before subpoenaed document production than after.  Moreover, Defendants quickly filed the present motion to quash on May 20, 2013.  (Dkt. No. 188.)

### C. Whether Untimely Document Production via Subpoenas Warrants Quashing

In addition to Plaintiff's Fed. R. Civ. P. 45(b)(1) violation, the Court further **GRANTS** Defendants' motion to quash because Plaintiff produced untimely fact discovery through the nonparty subpoenas.  (*See* Dkt. No. 188 at 5.)  The fact discovery in this case closed May 1, 2013.  (Dkt. No. 162.)  Plaintiff indicates he only began providing the subpoenaed documents to Defendants on May 2, 2013.  (Dkt. No. 192-9.)  *See Murray v. Crawford*, Civil Action No. 08-cv-02045-KMT-KLM, 2009 WL 1600682, at *1-2 (D. Colo. June 4, 2009) (unpublished) (quashing Rule 45 subpoena served one day after fact discovery deadline that required compliance three days after fact discovery deadline); *Marvin Lumber & Cedar Co. v. PPG Indus., Inc.*, 177 F.R.D. 443 (D. Minn. 1997) (prohibiting a party from using Rule 45 subpoena to obtain discovery outside the discovery deadline in the case).

### D. Whether Lack of Relevance Warrants Quashing

Defendants also argue the subpoenas sought irrelevant and "highly personal information." (Dkt. No. 188 at 2.)  Defendants question how their tax returns relate to Plaintiff's allegations that Defendants fraudulently induced him to invest in dental companies.  (*Id.* at 5.)  Plaintiff failed to name the dental companies as parties to the lawsuit.  (*Id.*)  Moreover, Defendants note most of them "have never even met" Plaintiff, "or had any relationship to the transactions that are of issue." (*Id.*)

Plaintiff fails to address this relevance argument in his opposition.  Without more information about the tax returns' relevance to Plaintiff's claims, this Court **DECLINES** to rule on the subpoenas' relevance.

### E. Defendants' Request for Attorney's Fees

Defendants request their attorney's fees incurred in bringing their motion to quash. (Dkt. No. 188 at 6.) However, Fed. R. Civ. P. 45(c)(1) sanctions, including attorney's fees, only apply against parties who fail to "take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena." Here, Defendants are "not subject to the subpoena[s] and no averments have been made that Plaintiff placed any undue burden upon the third parties." *W. Vision Software, L.C. v. Process Vision, LLC*, No. 1:12cv155, 2013 WL 1411778, at *3 (D. Utah Apr. 8, 2013) (unpublished). As such, the Court **DENIES** Defendants' request for attorney's fees. (Dkt. No. 188.)

### III.   ORDERS

For the reasons discussed above, the Court issues the following **ORDERS**:

The Court **GRANTS** Defendants' motion to quash the subpoenas Plaintiff served on RSG Accounting & Consulting, Kenneth R. Butler & Son, PC, and Gerety Associates, CPA. (Dkt. No. 188.)

The Court **DENIES** Defendants' request for attorney's fees incurred in bringing the motion to quash. (Dkt. No. 188.)

The Court **ORDERS** Plaintiff to destroy/and or return to the producing party any information received by Plaintiff as a result of the subpoenas.

The Court **ORDERS** both Plaintiff and Plaintiff's counsel to certify that they have not retained any of the improperly received information, that neither has disclosed any of the information to any third party, and that neither will disclose any such information to any third party in the future.

Dated this 10th day of June, 2013.

By the Court:

_____
Dustin B. Pead
United States Magistrate Judge