IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| GREGORY SMITH,<br><br>        Plaintiff,<br><br>v.<br><br>SCOTT SCHRYER, et al.,<br><br>        Defendants. | MEMORANDUM DECISION<br><br>Case No. 2:10-cv-01268-CW-DBP<br><br>District Judge Clark Waddoups<br><br>Magistrate Judge Dustin B. Pead |

## I.   INTRODUCTION

This matter was referred to the Court under 28 U.S.C. § 636(b)(1)(A).  (Docket No. 198.) Plaintiff is Gregory Smith.  Defendants relevant here are all Defendants except Paul Mangelson, Per Skoldin, and Kenilworth Point.  The Court considers Plaintiff's motion to compel.  (*Id*.)  For the reasons below, the Court **DENIES** Plaintiff's motion.

## II.   PLAINTIFF'S MOTION TO COMPEL

In his opposition to Defendants' motion to quash (Dkt. No. 188), Plaintiff includes a motion to compel.  (Dkt. No. 192 at 7.)  "Should this Court grant" Defendants' motion to quash, Plaintiff moves the Court to compel Defendants to fully respond to previous interrogatories and document production requests.  (*Id.*)  These previous discovery requests cover documents that Plaintiff obtained through the nonparty subpoenas Defendants seek to quash.  (*Id.* at 8.)

Initially, this Court notes that Plaintiff violated DUCivR 7-1(b)(1)(A), which prohibits parties from including motions "in a response or reply memorandum."  Moreover, Defendants

correctly note Plaintiff violated Fed. R. Civ. P. 37(a)(1) and DUCivR 37-1(a) because he failed to meet and confer with Defendants prior to filing this motion to compel, and failed to include any meet and confer certification with the motion.  (Dkt. No. 195 at 3-4.)   Defendants also point out that Plaintiff's motion to compel seeks fact discovery well after the May 1, 2013 fact discovery deadline.  (*Id.* at 4.)

### III.     ORDERS

Due to the procedural defects in Plaintiff's motion to compel discussed above, the Court **DENIES** the motion.  (Dkt. No. 198.)

Dated this 10th day of June, 2013.

By the Court:

Dustin B. Pead
United States Magistrate Judge