IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| GREGORY SMITH,<br><br>   Plaintiff,<br><br>v.<br><br>SCOTT SCHRYER, et al.,<br><br>   Defendants. | MEMORANDUM DECISION<br><br>Case No. 2:10-cv-01268-CW-DBP<br><br>District Judge Clark Waddoups<br><br>Magistrate Judge Dustin B. Pead |

## I. INTRODUCTION

This matter was referred to the Court under 28 U.S.C. § 636(b)(1)(A).  (Docket No. 184.) Plaintiff is Gregory Smith.  Defendants relevant here are: (1) Paul Mangelson, who is represented by Jason M. White; and (2) all Defendants represented by Jonathan B. Frutkin, including Gary Pavlovich.  The Court refers to this second group as "Defendants."

The Court considers Defendants' motion for an order to show cause why Plaintiff should not be held in contempt for failing to comply with the third amended scheduling order.  (*Id*.)  For the reasons below, the Court **DENIES** the motion.

## II. PROCEDURAL HISTORY

On February 20, 2013, Magistrate Judge Evelyn J. Furse issued the third amended scheduling order that set the fact discovery deadline to May 1, 2013.  (Dkt. No. 162.)  Pursuant thereto, Plaintiff tried to depose Defendant Mangelson on April 30, 2013.  (Dkt. No. 191-2, Ex. B at 2.) Unfortunately, Mangelson could not attend a deposition before May 3, 2013.  (*Id.* at 1.)

Therefore, on April 10, 2013, Plaintiff issued a deposition notice to Mangelson for May 3, 2013. (Dkt. Nos. 184-3; 191 at 3.)[1]

On April 29, 2013, Plaintiff's counsel notified Defendants about Mangelson's deposition. (Dkt. No. 184-4 at 3-4.) Later that day, Defendants objected to Mangelson's deposition because it would take place after the May 1, 2013 fact discovery deadline. (*Id.* at 1-2.) Nevertheless, Plaintiff deposed Mangelson on May 3, 2013.

### III.     DEFENDANTS' MOTION FOR ORDER TO SHOW CAUSE

#### A. Whether Plaintiff Should be Held in Contempt

Defendants move for an order to show cause why Plaintiff should not be held in contempt because he violated the scheduling order when he deposed Mangelson two days after fact discovery closed. (Dkt. No. 184.)

If a party "fails to obey a scheduling . . . order," the court "*may* issue any just orders, including those authorized by Rule 37(b)(2)(A)(ii)-(vii) . . . ." Fed. R. Civ. P. 16(f)(1)(C) (emphasis added). In turn, Fed. R. Civ. P. 37(b)(2)(A)(vii) permits the court to "treat[]" such failures "as contempt of court . . . ." The court's decision to use its contempt power is discretionary. *See United Int'l Holdings, Inc. v. The Wharf (Holdings) Ltd.*, 210 F.3d 1207, 1236 (10th Cir. 2000).

In civil proceedings, the movant must prove contempt "by clear and convincing evidence[.]" *Reliance Ins. Co. v. Mast. Constr. Co.*, 159 F.3d 1311, 1315 (10th Cir. 1998). This requires the movant to show "that a valid court order existed," that the opposing party knew about the order, and that the opposing party "disobeyed the order." *Id. See also Bad Ass Coffee Co. of Haw., Inc. v. Bad Ass Coffee Ltd. P'ship*, 95 F. Supp. 2d 1252, 1256 (D. Utah 2000) ("[A] district court

---

[1] Due to Plaintiff's typographical error, the deposition notice mistakenly instructed Mangelson to appear for a deposition on May 31, 2013. (Dkt. No. 184-3.)

is justified in adjudging a person to be in civil contempt for failure to be reasonably diligent and energetic in attempting to accomplish what was ordered.").

Here, the parties' emails prove Plaintiff knew about the scheduling order, and that he disobeyed it when he deposed Mangelson after fact discovery closed.  (*See* Dkt. No. 184-4.)  Despite this, Plaintiff may defend against a contempt finding if he proves "plainly and unmistakeably his inability to comply with the" scheduling order.  *Donovan v. Burgett Greenhouses, Inc.*, 759 F.2d 1483, 1486 (10th Cir. 1985) (alteration omitted).

Plaintiff opposes Defendants' motion.  (Dkt. No. 191.)  Plaintiff emphasizes that Mangelson only filed his answer to the second amended complaint on Friday, March 29, 2013.  (Dkt. Nos. 168; 191 at 2.)  Less than a week later, between April 3, 2013 and April 4, 2013, Plaintiff coordinated with Mangelson's counsel to depose Mangelson.  (Dkt. No. 191-2, Ex. B.)  Unfortunately, Mangelson could not attend a deposition earlier than May 3, 2013.  (*Id.* at 1.)

Given these circumstances, the Court exercises its discretion to **DENY** Defendants' motion.  (Dkt. No. 184.)  While the Court does not condone Plaintiff's late deposition, the Court refuses to hold Plaintiff in contempt for it.  Plaintiff diligently arranged to depose Mangelson shortly after Mangelson filed his answer.  However, Plaintiff lacked control over the fact that Mangelson could not attend a deposition by May 1, 2013.

### B. Assuming Contempt, Whether Plaintiff's Actions Warrant Contempt Sanctions

Even assuming Plaintiff committed contempt, the Court would not sanction Plaintiff for such contempt.  "Sanctions for civil contempt may only be employed . . . (1) to compel or coerce obedience to a court order[]; and (2) to compensate the contemnor's adversary for injuries resulting from the contemnor's noncompliance [with a court order]."  *O'Connor v. Midwest Pipe Fabrications, Inc.*, 972 F.2d 1204, 1211 (10th Cir. 1992).  A compensatory fine "must . . . be

based upon evidence of [a] complainant's actual loss . . . ." *United States v. United Mine Workers of Am.*, 330 U.S. 258, 304 (1947).

The Court cannot coerce Plaintiff to abide by the expired fact discovery deadline where Plaintiff already deposed Mangelson.  Additionally, Defendants fail to allege they suffered any injury or loss.  To be sure, Defendants emphasize they could not attend Mangelson's deposition where they only found out about it a few days before it occurred.  (Dkt. No. 184-1 at 3-4.)  However, Defendants' inability to attend a deposition, alone, does not automatically constitute injury.  This is especially so where Plaintiff deposed a separate Defendant in the case who consented to the deposition.

Defendants also claim Plaintiff's disregard for the scheduling order "create[d] chaos" with regard to case management.  (*Id.* at 4.)  However, Defendants previously consented to Plaintiff deposing Defendant Pavlovich on May 11, 2013.  Similar to Mangelson, Pavlovich could not attend a deposition before the fact discovery deadline.  (Dkt. Nos. 191 at 3; 191-3, Ex. C.)

Defendants counter that, in Pavlovich's case, *all* the parties agreed to the May 11, 2013 deposition, whereas with Mangelson, Defendants objected.  (Dkt. No. 184-1 at 3.)  However, the Court fails to see how a late deposition on May 3, 2013 harms the overall litigation schedule where Defendants consented to another late deposition on May 11, 2013.

### IV.     ORDERS

Based on the reasons above, the Court **DENIES** Defendants' motion for an order to show cause why Plaintiff should not be held in contempt.  (Dkt. No. 184.)

Dated this 24th day of June, 2013.         By the Court:

_____
Dustin B. Pead
United States Magistrate Judge